LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza Suite 500
108 Hernan Cortez Avenue
Agana, Guam 96910
PHONE: 472-7332
FAX: 472-7334

Attorneys for the United States of America

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 05-00039 |
| Plaintiff, ) | |
| ) | |
| ) | **PLEA AGREEMENT** |
| vs. ) | |
| ) | |
| DEANNA INGRID MORALES a/k/a ) | |
| DEANNA MORALES GUERRERO, ) | |
| ) | |
| Defendant. ) | |

    Pursuant to Rule 11(c)(1)(B), the United States and the defendant, DEANNA INGRID MORALES a/k/a DEANNA MORALES GUERRERO, enter into the following plea agreement:

    1. The defendant agrees to enter a guilty plea to Count II of an Indictment charging her with conspiracy to distribute over 100 grams of methamphetamine hydrochloride, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), and 846. The government will move to dismiss Counts I and III against defendant upon sentencing.

    2. The defendant, DEANNA INGRID MORALES a/k/a DEANNA MORALES GUERRERO, further agrees to fully and truthfully cooperate with federal law enforcement agents concerning their investigation of the importation, possession, and distribution of

1

controlled substances, and related unlawful activities, including the disposition of profits from and assets relating to such activities. She agrees to testify fully and truthfully before any grand juries and at any trials or proceedings against any other co-conspirators if called upon to do so for the United States, subject to prosecution for perjury for not testifying truthfully. The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that she remains liable and subject to prosecution for any non-violent Federal or Territorial offenses that she does not fully advise the United States, or for any material omissions in this regard. In return for this cooperation, the United States agrees not to prosecute defendant in the District of Guam or the Northern Mariana Islands for any other non-violent offenses which she reveals to federal authorities.

    3. The defendant, DEANNA INGRID MORALES a/k/a DEANNA MORALES GUERRERO, understands and agrees that any and all assets or portions thereof acquired or obtained by her as a direct or indirect result of illegal trafficking in drugs or used to facilitate such illegal activity shall be surrendered to the United States or any lawful agency as may be directed by the Court. The assets to be surrendered include, but are not limited to, cash, stocks, bonds, certificates of deposit, personal property and real property.

    4. The defendant, DEANNA INGRID MORALES a/k/a DEANNA MORALES GUERRERO, further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner if called upon to do so by the government. The defendant understands that such polygraph examinations may include, but will not be limited to, her knowledge of or involvement in unlawful drug and related activities, and her knowledge of others' involvement in such activities, and the identification of any and all assets and conveyances acquired in whole or in part by the defendant or others through such unlawful activities or the use of such assets or conveyances to further such unlawful activities. Defendant understands that the government will rely on the polygraph in assessing whether she has been fully truthful.

    5. The defendant, DEANNA INGRID MORALES a/k/a DEANNA MORALES GUERRERO, understands that the <u>maximum</u> sentence for conspiracy to distribute over 100

- 2 -

Case 1:05-cr-00039    Document 33    Filed 06/13/2005    Page 2 of 8

grams of methamphetamine hydrochloride is life imprisonment, a $4,000,000 fine, and a minimum mandatory term of ten (10) years of incarceration which may not be stayed or suspended by the court. Any sentence imposed shall include a term of supervised release of at least five (5) years in addition to such terms of imprisonment, as well as a $100.00 special assessment fee. The $100 special assessment fee must be paid immediately upon sentencing. Defendant also understands that if she violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence her up to an additional five (5) years of incarceration pursuant to 18 U.S.C. §3583(e)(3).

The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt. If defendant cooperates as set forth in Paragraphs 2, 3, and 4, the government will recommend that defendant receive the minimum term of incarceration legally available under the applicable statutes and Sentencing Guidelines.

6. If defendant provides full, truthful, and substantial assistance to investigating federal agencies, the government will move the Court, as provided by Section 5K1.1, United States Sentencing Guidelines, hereinafter USSG, and 18 U.S.C. Section 3553(e), for a downward departure from the Guidelines and the statutory minimum sentence. Defendant understands the following:

> (a) At or before the time of sentencing, the United States will advise the Court of any assistance provided by defendant in the prosecution of another person who has committed a criminal offense. The United States may, but shall not be required to, make a motion requesting the Court to depart from the sentencing range called for by the guidelines in the event defendant provides "substantial assistance." This decision shall be in the sole discretion of the United States Attorney.
>
> (b) It is understood and agreed that a motion for departure shall not be made, under any circumstances, unless defendant's cooperation is deemed "substantial" by the United States Attorney. The United States has made no promise, implied or otherwise, that defendant will be granted a "departure" for "substantial assistance." Further, no promise has been made that a motion will be made for departure even if defendant complies with

- 3 -

Case 1:05-cr-00039    Document 33    Filed 06/13/2005    Page 3 of 8

the terms of this agreement in all respects, but has been unable to provide "substantial assistance."

(c) The United States agrees to consider the totality of the circumstances, including but not limited to the following factors, in determining whether, in the assessment of the U.S. Attorney, defendant has provided "substantial assistance" which would merit a government request for a downward departure from the applicable guideline sentencing range:

    (1) the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;

    (2) the truthfulness, completeness, and reliability of any information or testimony provided by defendant;

    (3) the nature and extent of defendant's assistance;

    (4) any injuries suffered or any danger or risk of injury to defendant or defendant's family resulting from any assistance provided by defendant; and,

    (5) the timeliness of any assistance provided by defendant.

(d) It is understood that even if a motion for departure is made by the United States, based upon defendant's perceived "substantial assistance," the final decision as to how much, if any, reduction in sentence is warranted because of that assistance, rests solely with the District Court.

7. The defendant understands that to establish a violation of conspiracy to distribute over 100 grams of methamphetamine hydrochloride, the government must prove each of the following elements beyond a reasonable doubt:

    <u>First</u>: there was an agreement between the defendant and at least one other person to distribute over 100 grams of methamphetamine hydrochloride, and

    <u>Second</u>, the defendant became a member of the conspiracy knowing of its object to distribute methamphetamine hydrochloride, and intending to accomplish it.

8. The defendant understands that the United States Probation Office will calculate a "sentencing range" within the United States Sentencing Guidelines. The defendant understands the Sentencing Guidelines are advisory, but will be used by the District Court in fashioning the sentence. The defendant also understands that the facts she stipulates to herein will be used by probation, pursuant to § 1B1.2 of the Sentencing Guidelines, in calculating the advisory guidelines level:

    a. The defendant was born in 1967, and is a citizen of the United States.

b. If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing her punishment, and therefore, pursuant to § 1B1.8 of the sentencing guidelines, such information should not be used in determining the applicable guidelines range.

c. Beginning sometime in November 2004 and continuing to May 17, 2005, the defendant participated in a conspiracy with other individuals, including Mia Mary Rojas, Gerardo E. Gonzalez, Jr., Annette Gonzalez, Sean M. Cole a/k/a Shawn Cole, Lisa Marie Rodriguez a/k/a Lisa Rodriguez-Cole, and defendant's husband, Douglas Guerrero, to distribute methamphetamine hydrochloride from California to Guam. As part of the conspiracy, the defendant met Mia Mary Rojas and Gerardo E. Gonzalez, Jr. who arrived on Guam on May 16, 2005, as passengers on board Continental Airlines Flight #001. Rodriguez-Cole contacted the defendant on May 17, 2005, and advised defendant that Rojas and Gonzalez were in Room 208 of the Hotel Mai Ana and were waiting for someone to pick up the drugs they brought to Guam. The defendant knew that Rojas smuggled 162.5 grams, gross weight, of methamphetamine hydrochloride that she concealed in a condom and secreted in her vaginal cavity. The defendant expected to receive said drugs from Rojas and Gonzalez when she arrived in Room 208. The defendant intended to further distribute the drugs to others for profit and expected to be paid money for her role in the conspiracy.

d. The parties stipulate that the defendant's relevant conduct in this case, as defined in USSG Section 1B1.3, shall be the analyzed net weight, exclusive of packaging, of the methamphetamine which Mia Mary Rojas secreted on her person and law enforcement agents discovered when she arrived Guam on May 16, 2005.

e. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final

- 5 -

sentencing guidelines range projected by her counsel or any other person, such discrepancy is not a basis to withdraw her guilty plea.

9. The defendant understands that this plea agreement depends on the fullness and truthfulness of her cooperation. Therefore, defendant understands and agrees that if she should fail to fulfill completely each and every one of her obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of her plea agreement and before sentencing, the government will be free from its obligations under the plea agreement. Thus, defendant, in addition to standing guilty of the matters to which she has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against her, without limitation, any and all information, in whatever form, that she has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

10. The defendant understands that her sentencing may be continued, at the sole discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore waives any right she may have to any speedy sentencing and hereby agrees to any continuance of her sentencing date as it may become necessary.

11. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence actually imposed in this case. The defendant understands and agrees that the government has bargained for a criminal conviction arising from her criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or is rendered invalid for any reason, or if any change of law renders the

- 6 -

Case 1:05-cr-00039    Document 33    Filed 06/13/2005    Page 6 of 8

conduct for which she was convicted to be non-criminal, defendant agrees that she will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

12. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

b. Her right to be represented by an attorney;

c. Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

d. That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;

e. Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that she may not withdraw her guilty plea even if the court does not accept the sentencing recommendation of the government or her counsel;

f. That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

g. That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

h. That she has read the plea agreement and understands it.

i. The defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense.

DATED: 6-10-05

*(signature)*
DEANNA INGRID MORALES a/k/a
DEANNA GUERRERO
Defendant

DATED: 6-10-05

*(signature)*
SAMUEL S. TEKER
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 6-10-05    By: *(signature)*
MARIVIC P. DAVID
Assistant U.S. Attorney

DATED: 6-13-05

*(signature)*
RUSSELL C. STODDARD
First Assistant U.S. Attorney

- 8 -